**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **WILLIAM SPEIGHT, Individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| *Plaintiffs*, | § | **CASE NO. _____** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **LABOR SOURCE, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff William "Billy" Speight, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by his attorneys Schneider Wallace Cottrell Konecky LLP, brings the following action for violation of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Plaintiff states the following against Defendant:

## I.     INTRODUCTION

1.     Plaintiff brings this collective action on behalf of himself and other similarly situated individuals who have worked for Labor Source LLC ("Labor Source") anywhere in the United States as hourly, non-exempt employees performing restoration, renovation, environmental, roofing, or other construction work, including but not limited to laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties.[1] Plaintiff also brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for laborers who have worked for Labor Source in North Carolina. Plaintiff and the putative Class and Collective Members challenge

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "laborer" interchangeably in referencing any of these similarly situated employees.

Labor Source's minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201, *et seq*., as well as the wage, hour, labor, and other applicable laws of the State of North Carolina.

2.      Labor Source has local offices throughout the country, including Kansas City, St. Louis, San Antonio, Dallas, Houston, Brownsville, Orlando, Pittsburgh, and Goldsboro, North Carolina. From these local offices, Labor Source recruits and hires laborers on a temporary, project-by-project basis. These projects/worksites can be remote, often hundreds of miles away from the local Labor Source office where the laborers are hired. Labor Source requires the laborers to drive together in passenger vans to the worksite location and stay in a hotel or motel near the worksite throughout the project. Even though the hotel rooms have two beds, Labor Source forces these workers to stay upwards of four people per room while out-of-town. Labor Source routinely and systematically deducted and deducts[2] various amounts from Plaintiff, Class, and Collective Members' wages for hotel fees, transportation/shuttle fees, and other deductions from the laborers' pay. These deductions/fees, however, are incurred primarily for the benefit of Labor Source.

3.      Plaintiff, Class, and Collective Members are hourly non-exempt employees under federal and state wage-and-hour laws and should receive minimum wage and overtime pay consistent with the requirements of those laws. However, Labor Source does not pay their laborers proper minimum wage and overtime as required by law. By making various deductions from the workers' pay, Labor Source decreases Plaintiff's, Class, and Collective Members' hourly rates of pay, often so that the rates fall below the requisite minimum and time-and-a-half rates required by Federal and state law. Further, Labor Source accepts timesheets that it knows, or should know,

---

[2] Upon information and belief, Defendant's illegal policies and practices as alleged herein continue to be followed and are ongoing despite Plaintiff's use of the past tense regarding his employment with Defendant. Therefore, Plaintiff uses the present tense throughout the Complaint where applicable.

misrepresent and under-report the actual number of hours worked by their laborers. These employees perform substantially the same job duties and responsibilities, and are compensated pursuant to the common company policies. They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. Plaintiff sues on behalf of himself and other similarly situated workers who have worked and are currently working for Labor Source, and who elect to opt into this action pursuant to the collective action provision of the FLSA. This action claims that Labor Source has violated and continues to violate the wage-and-hour provisions of the FLSA by depriving Plaintiff, as well as those similarly situated to Plaintiff, of their lawful minimum wage and overtime wages.

5. The national FLSA Collective ("Collective"), represented by Plaintiff Speight, is comprised of all people who are or have been employed by Labor Source as manual laborers within the United States, except for the State of Minnesota, from the three years prior to this action's filing date through the final disposition of this action ("Collective Time Period").

6. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b). Plaintiff further seeks equitable tolling for those putative Collective members who have not yet received notice and opportunity to consent to join the collective.

7. Plaintiff also brings this action under the NCWHA. The North Carolina Class, represented by Plaintiff, is comprised of all people who are or have been employed as laborers by Defendant within the State of North Carolina within the two years preceding the filing of this action ("North Carolina Class Period"). Plaintiff intends to seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the North Carolina Class.

8.     Plaintiff and the North Carolina Class Members seek unpaid wages and restitution pursuant to the NCWHA, as well as liquidated damages, penalties, reimbursement of unlawful deductions, prejudgment interest, attorneys' fees, and costs as allowed by North Carolina law.

9.     Accordingly, the above-named Plaintiff brings this action on behalf of himself and on behalf of a class of similarly situated persons who have worked as laborers for Defendant in North Carolina ("the Class Members") for statutory violations that stem from these wage violations.

## II.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §§ 201, *et seq.*

11.     This Court has supplemental jurisdiction over Plaintiff's North Carolina state law claims pursuant to 28 U.S.C. § 1367 because these claims derive from a common nucleus of operative facts.

12.     Venue in the Eastern District of North Carolina is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred from Labor Sources offices and on work sites within this district.

13.     Defendant is subject to personal jurisdiction in this District because Defendant is a foreign corporation that conducts substantial and continuous commercial activities in this District. Defendant has offices in this District and operates work sites within this District on which Plaintiff, Class, and Collective Members provided their labor.

14.     Defendant is subject to specific personal jurisdiction in North Carolina because Labor Source has offices in Goldsboro, North Carolina, employs workers in this state, solicits business to take part in North Carolina, hires North Carolina workers and supervisory employees

to work on projects in North Carolina, and because the facts giving rise to the FLSA and North Carolina state law violations complained of here arose while Labor Source's employees performed work in North Carolina.

15.     This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. § 2202.

### III.     THE PARTIES

16.     Plaintiff Billy Speight is a resident of Walstonburg, North Carolina. From approximately January 2019 through September 2019, Plaintiff worked for Defendant as a manual laborer and non-commercial driver on projects assigned by Defendant throughout various states, including North Carolina, Florida, Pennsylvania, Ohio, Nebraska, West Virginia, and Virginia. Plaintiff received job assignments from Defendant through the Labor Source local office located in Goldsboro, North Carolina.

17.     The National Collective Members are all hourly, non-exempt laborers who are or have been employed by Defendant Labor Source in the United States (except for the State of Minnesota) within the Collective Time Period.

18.     The North Carolina Class Members are all hourly, non-exempt laborers who are or have been employed by Defendant Labor Source on projects within the State of North Carolina within the Class Time Period.

19.     Defendant Labor Source, LLC is a foreign corporation with locations in various states throughout the country, with its principal office located in Olathe, Kansas. Labor Source is a staffing agency and hires workers who perform work in various states, including North Carolina. Labor Source may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 120 Penmarc Drive, Suite 118, Raleigh, North Carolina 27603.

20.     At all material times, Defendant was and is legally responsible, either in its individual employer capacities or in a joint employer capacity alongside Defendant's customers, for the unlawful conduct, policies, acts, and omissions as described and set forth in this Complaint, as the individual and/or joint employer of Plaintiff, the Collective, and the Class Members.

21.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d) as well as under the NCWHA.

22.     Defendant, as employer of Plaintiffs, Class, and Collective members throughout the relevant time period, is liable for damages and penalties for violating the FLSA, NCWHA, and other state laws, rules and regulations with respect to the employment of Plaintiff and Collective members in the United States, as well as the employment of Plaintiff and Class members within the State of North Carolina.

23.     At all material times, Defendant has been and is governed by and subject to the FLSA, 29 U.S.C. § 201, *et seq.*

24.     At all material times, Defendant has been and is an enterprise within the meaning of section 3(r). 29 U.S.C. § 203(r).

25.     At all material times, Defendant has been and is an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

26.     At all material times, the unlawful conduct against Plaintiff, the Collective, and Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendant and Defendant's principals. At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable by Defendant and

committed under actual or apparent authority granted by Defendant such that all aforementioned unlawful conduct is legally attributable to Defendant.

27.     At all material times, Defendant have had an annual gross business volume of not less than $500,000.

## IV.     STATEMENT OF FACTS

28.     Defendant Labor Source is a staffing company that recruits and assigns workers to other companies. One Source operates in various states across the U.S., including but not limited to North Carolina, Kansas, Missouri, Florida, and Texas.

29.     Labor Source contracts with various principals/customers throughout North Carolina and the United States to provide temporary staffing of manual laborers to those principals for projects in various work sites, including in North Carolina. For example, in or around January 2019 through March 2019, Labor Source contracted with its principal, BluSky Restoration Contractors LLC, to provide manual laborers for a BluSky's project in Morehead City, North Carolina. Labor Source has similar agreements to provide temporary manual laborer workers for other principal contractors throughout the country.

30.     Plaintiff, Class, and Collective Members perform labor services for Defendant and Defendant's principal contractors. As a matter of common practice, Defendant Labor Source recruits Plaintiff, Class, and Collective members from a Labor Source local office (e.g., Plaintiff was recruited from Labor Source's local office in Goldsboro, North Carolina), and then transports these manual laborers to a worksite location in buses/passenger vans, which can be hundreds of miles away from the workers' homes. Upon information and belief, Defendant does not pay Plaintiff, Class, or Collective members for such time driving from Labor Source's office to the project location. Defendant also does not reimburse Plaintiff and Class members for all expenses

incurred for such travel and for the work to be performed for Labor Source's customers, including travel expenses such as gas, toll roads, and food. Once at the worksite location, the manual laborers are forced to stay in a hotel/motel room with strangers, generally four-to-six people per room even though the rooms only have two beds. Once at the worksite, the workers are essentially held captive at the worksite because they do not have their own transportation. The workers stay at the hotel/motel and perform labor on the worksite until the project is complete.

31.     Each of the worksites where Plaintiff, Class, and Collective members are assigned are overseen by a "crew leader," generally a Labor Source direct employee that is supervised and directed by Defendant's principal contractor (e.g., BluSky), who keeps track of the hours worked by Plaintiff, Class, and Collective Members. The crew leader requires Plaintiff, Class, and Collective Members to sign a daily time sheet at the end of their shift. Defendant's principal/contractor (e.g., BluSky) collects and compiles these daily timesheets and submits them to Labor Source in order to issue wage payments to the workers.

32.     These time sheets, however, are often inaccurate in that the hours worked by Plaintiff, Class, and Collective Members are artificially reduced and under-reported at the direction of Labor Source's principal (e.g., BluSky), resulting in underpayment of wages. Defendant Labor Source largely accepts these inaccurate time sheets at face value and regularly does nothing to ensure the time sheets reflect the actual hours worked. Instead, Labor Source foregoes its obligations as an employer under the FLSA and NCWHA to make sure its employees are paid for all hours worked, buries its head in the sand and allows its principal contractors to take undue advantage of these modest, hourly-paid manual laborers by grossly under-reporting their hours worked. Even worse, Labor Source actively and knowingly assists in covering up the wage violations by failing to and refusing to provide these out-of-town workers ready access to itemized

wage statements that list the total hours worked and total wages paid. Labor Source covers the tracks of its principal contractors by paying these workers through a pre-paid debit card system (in lieu of a traditional paycheck), often resulting in the workers not receiving itemized wage statements at all.

33.    Moreover, the compensation provided to Plaintiff, Class, and Collective Members is not paid finally, unconditionally, free and clear of deductions and/or kickbacks. Defendant requires Plaintiff, Class, and Collective Members to incur numerous work-related expenses and/or improperly deducts amounts from their wages for Defendant's benefit. Defendant requires Plaintiff, Class, and Collective Members to incur certain expenses which would normally be borne by an employer, such as expenses for toll costs, gas, equipment, food, hotel, and other travel expenses for the benefit of Defendant and Defendant's principal contractors. Defendant does not reimburse Plaintiffs and the Class Members for the travel, equipment, lodging, or other business expenses incurred by Plaintiff and the Class Members in connection with their employment by Defendant.

34.    Defendant, either individually or in conjunction with its principal contractor, makes improper deductions from Plaintiff's, Class, and Collective Members' wages, including deductions for travel and lodging expenses. Upon information and belief, Defendant deducts approximately $7 to $20 per week per worker from the workers' pay for "shuttle fees" or "travel," hotel/lodging fees, and other various deductions. Even though Defendant requires Plaintiff, Class, and Collective Members to stay in a nearby motel adjacent to the work site, Defendant still regularly deducts "hotel" expenses from the laborers, regardless of the actual room rate charged by the motel or the number of workers assigned per room. In other words, Defendant attempts to profit from Plaintiff, Class, and Collective Members for their transportation, lodging, and other

expenses by making oversized and improper deductions from the workers' wages.

35.     Plaintiff Speight has worked for Labor Source on numerous projects, including projects in North Carolina, Florida, Pennsylvania, Ohio, Nebraska, West Virginia, and Virginia. At each of these projects, Labor Source instituted and implemented the same policies and practices regarding timekeeping, recordkeeping, lodging, and expense deductions.

36.     Plaintiff, Class, and Collective Members worked and continue to work hours for Defendant that are not recorded or for which Plaintiff, Class, and Collective Members are not compensated, despite Defendant having knowledge that such hours are worked. Plaintiff, as well as numerous other Class and Collective members, have complained to Labor Source's offices on many occasions that they were not being paid for all hours worked. Although Labor Source's offices would promise to "take care of it," no changes were made. Accordingly, Plaintiff, Class, and Collective Members are underpaid for the hours actually worked, often resulting in hourly rates that fall well below the minimum wage rates and overtime rates required by law.

37.     Instead of attempting to correct these gross underpayments of wages, Defendant tries to hide these wage violations by not readily providing pay stubs or itemized wage statements, often withholding the wage statements altogether. Upon information and belief, Defendants make Plaintiffs' and Class and Collective Members' wage statements available through an online subscription, which requires Plaintiffs and Class Members to pay a fee to view their wage statements. When pay stubs are actually provided, the wage statements are inaccurate, incomplete, and do not itemize all deductions taken from Plaintiffs' wages.

38.     Due to the time-reduction and improper expense deduction schemes, Defendant does not pay hourly rates that meet the minimum wage requirement and do not pay a premium rate of time-and-a-half for all hours worked over 40 in a work week to Plaintiff, Class, and Collective

Members.

39.     Plaintiff was paid a rate of approximately $11 per hour during his employment with Labor Source. When assigned to a work site, Plaintiff consistently worked over 12 hours per day, five-to-seven days per week (depending on the project) until the job was completed. When assigned to a work site, Plaintiff routinely worked 60 to 75 hours per week each workweek. Upon information and belief, Class and Collective members worked and continue to work similar amounts of time per week as Plaintiffs and are paid similar wages.

40.     As a result of Defendant's common pay, timekeeping, and recordkeeping practices, Plaintiff, Class, and Collective Members have not been and are not compensated for all hours worked including all overtime hours, and their hourly rates of pay often fall below the minimum wage.

41.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Class Members. Upon information and belief, Defendant's wage practices have been previously investigated by the Department of Labor. Moreover, Defendant has been sued for FLSA and other wage violations on multiple occasions during the six or so years prior to this action, including actions that have been brought in Kansas,[3] Texas[4] and Minnesota.[5]

## V.     COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff incorporates by reference the allegations set forth above.

43.     Plaintiff has knowledge that Collective Members have also been denied minimum

---

[3] *See  Peavy v. Labor Source*, Case No. 15-2633-JAR-TJJ, filed on Mar. 2, 2015 in the United Stated District Court for the District of Kansas.
[4] *See Henderson v. One Source Staffing and Labor d/b/a Catstaff*, Case No. 4:17-cv-00622, filed Feb. 26, 2017 in the United States District Court for the Southern District of Texas.
[5] *See, e.g., Murphy v. Labor Source, LLC*, No. 19-1929 (MJD/ECW), 2020 U.S. Dist. LEXIS 189875 (D. Minn. Oct. 4, 2020).

wage and overtime pay for all hours worked over forty (40) per work week. Plaintiff worked for Defendant's customers on multiple projects and in multiple states. During those projects, Plaintiff was subjected to the same pay practices and was aware that other laborers, including workers who were later promoted to a "lead" position, were subjected to the same improper timekeeping oversight practices, improper deductions, minimum wage and overtime violations, as well as the other statutory violations discussed herein.

44.     Other employees similarly situated to Plaintiff work for Defendant in a similar capacity and are not paid proper minimum wage and overtime at the rate of one and one-half times their regular rate for all hours worked per work week.

45.     Defendant employs hundreds of such employees who work in North Carolina, Illinois, Kansas, Texas, Florida, and elsewhere during the last three years, who were and are subject to the time reduction and improper wage reduction schemes described above.

46.     As such, the "Collective" of similarly situated Plaintiffs is properly defined as follows:

> **All current and former hourly, non-exempt employees including, but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Defendant throughout the United States (except for the State of Minnesota), within the three years preceding the filing of this Action until final resolution of the case.**

47.     Although Defendant permits and/or requires Collective Members to work upwards of 60-80 hours per work week, Defendant has failed to ensure them compensation for all hours worked and applied inappropriate deductions from wages. As a result, Collective Members' hourly rates of pay often fell below minimum wage, and they did not receive proper overtime compensation.

48.     Plaintiff is representative of the Collective Members in that he performed similar job duties as the Collective Members, was subjected to the same company-wide policies and wage deductions, and was similarly subjected to wages below the minimum wage requirement on the basis of uniform company policies and practices. Plaintiff is acting on behalf of the Collective Members' interests as well as Plaintiff's own interests in bringing this action.

49.     Collective Members perform the same or similar work as Plaintiff.

50.     Collective Members regularly work or have worked in excess of forty hours during a work week.

51.     Collective Members are paid an hourly rate and are often paid less than the required minimum wage of $7.25 per hour. Collective Members often are not paid for all hours worked in a work week and are subject to inappropriate deductions from their wages, resulting in diluted hourly rates and unpaid overtime wages for hours worked in excess of 40 in a work week.

52.     Defendant's policy of allowing its principal contractors to artificially reduce and/or under-report the hours worked by Collective Members, and therefore often diluting their hourly rate below $7.25 per hour and failing to compensate Collective Members for all hours worked in excess of 40 in a work week, in violation of the FLSA, is universal across the defined Collective and forms the basis of the wage violation.

53.     Defendant's policy of making improper deductions from wages for "shuttle" fees, "hotel" fees, and other various deductions from pay further dilute the total wages paid to Collective Members, and therefore dilutes the hourly rates of pay for Collective members to near or below the $7.25 minimum wage rate.

54.     Collective Members were not and are not exempt from receiving minimum wage or overtime pay under the FLSA.

55.     As such, Collective Members were and are similar to Plaintiff in terms of job duties, pay structure, dilution of hourly rates, deductions from wages, and/or the denial of overtime.

56.     Defendants' failure to pay minimum wage and overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

57.     The experiences of Plaintiff, with respect to their pay, was and is typical of the experiences of the Collective Members.

58.     The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

59.     Collective Members, irrespective of their particular job requirements, are entitled to minimum wage for all hours worked up to forty in a work week and are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty during a work week.

60.     Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to Collective Members.

61.     The similarly situated Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records. They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, prejudgment interest, and attorneys' fees and costs.

62.     Unless the Court promptly issues such notice, the numerous similarly situated current and former laborers nationwide whose hourly rates are diluted, are denied compensation

for all hours worked, and are denied overtime in violation of the FLSA will be unable to secure

unpaid back wages, which have been unlawfully withheld by the Defendants.

## VI.   NORTH CAROLINA CLASS ALLEGATIONS

63.    Plaintiff brings state law claims as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the "North Carolina Class," which is comprised of:

> **All current and former hourly, non-exempt employees, including but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Defendant within the State of North Carolina at any time during the two years preceding the filing of this Complaint through final resolution of the action.**

64.    Numerosity. The number of members in the North Carolina Class is believed to

exceed forty. This volume makes bringing the claims of each individual member of the class before

this Court impracticable. Likewise, joining each individual member of the North Carolina Class

as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the North

Carolina Class will be determined from Defendants' records, as will the compensation paid or not

paid to each of them. As such, a class action is a reasonable and practical means of resolving these

claims. To require individual actions would prejudice the North Carolina Class and Defendants.

65.    Typicality. Plaintiff's claims are typical of the North Carolina Class because, like

the members of the Class, Plaintiff was subject to Defendant's uniform policies and practices and

were compensated in the same manner as others in the North Carolina Class. Defendant failed to

ensure proper timekeeping and failed to correct its customer's practice of artificially reducing the

hours worked by Plaintiff and North Carolina Class Members, thereby diluting their hourly rates

to levels below the minimum wage and failing to compensate Plaintiffs and North Carolina Class

Members for all hours worked, including overtime compensation for their overtime hours worked.

Defendant's common policies and practices of improperly deducting amounts from Plaintiff's and North Carolina Class Members' wages further reduced their pay below the North Carolina minimum wage and overtime rates. Members of the North Carolina Class work substantially more than forty (40) hours in a week as non-exempt employees but are uniformly denied proper compensation to which they are owed. Plaintiff and the North Carolina Class have been and are under-compensated as a result of Defendant's common policies and practices which fail to comply with North Carolina law. As such, Plaintiff's claims are typical of the claims of the North Carolina Class. Plaintiff and members of the North Carolina Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

66.     Adequacy. Plaintiff is a representative party who will fairly and adequately protect the interests of the North Carolina Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under North Carolina law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the North Carolina Class he seeks to represent.

67.     Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

        a.   Whether Plaintiff and the North Carolina Class work more than forty (40) hours in a work week;

        b.   Whether Defendant pays Plaintiff and the North Carolina Class on an hourly rate basis;

        c.   Whether Defendant fails to compensate Plaintiff and the North Carolina Class for all hours worked;

d.  Whether Defendant fails to pay Plaintiff and the North Carolina Class at the state-mandated minimum wage rate;

e.  Whether Defendant fails to pay Plaintiff and the North Carolina Class overtime wages for all hours worked over forty (40) in a work week;

f.  Whether Defendant fails to pay Plaintiff and the North Carolina Class at the state-mandated overtime rate;

g.  Whether Defendant paid Plaintiff and the North Carolina Class Members under the same or substantially similar debit card system.

68.  The common issues of law include, but are not limited to:

a.  Whether Defendants can claim an exemption for Plaintiff and the North Carolina Class;

b.  Whether Plaintiff and the North Carolina Class are entitled to liquidated damages;

c.  Whether Plaintiff and the North Carolina Class are entitled to statutory penalties;

d.  The proper measure of damages sustained by Plaintiff and the North Carolina Class; and

e.  Whether Defendant's actions were "willful."

69.  Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the North Carolina Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions

by individual members of the North Carolina Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

70.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual North Carolina Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the North Carolina Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of the members of the North Carolina Class is readily identifiable from Defendant's records.

71.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees. Ultimately, a class action is a superior form to resolve the North Carolina claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the North Carolina Class per applicable North Carolina laws.

**FIRST CAUSE OF ACTION**
**COUNT I**
**FLSA – Overtime Violations**
**(On Behalf of the Collective Members)**

72.     Plaintiffs incorporate by reference the allegations set forth above.

73.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

74.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

75.     Defendant is a covered employer required to comply with the FLSA's mandates.

76.     Defendant violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work, as well as failing to provide overtime compensation that is unconditional, free, and clear of deductions and/or kickbacks as described herein. Defendant also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.  29 U.S.C. § 211(c).

77.     Plaintiff and the Collective are victims of uniform and company-wide compensation policies instituted by Defendant. These uniform policies, in violation of the FLSA, are applied to current and former non-exempt, hourly laborers working throughout the United States, including in the State of North Carolina (but excluding the State of Minnesota).

78.     Defendant permits and/or fails to correct its customer's common practice of under-reporting Plaintiff's and the Collective Members' time records to fraudulently misrepresent the actual number of hours worked, depriving Plaintiff and the Collective Members of compensation for all overtime hours worked. Defendant has not paid and continues to refuse to pay Plaintiffs and the Collective Members overtime for all hours worked beyond 40 in each work week.

79.     Defendant further makes deductions from Plaintiff's and Collective Members' pay, that further reduce the overtime rate paid to Plaintiff and Collective Members.

80.     Upon information and belief, Defendant's violative overtime practices occur in a similar fashion across multiple job sites throughout the United States, regardless of the specific

customer/principal that hired Defendant to provide the manual labor services provided by Plaintiff and Collective Members.

81. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

82. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

83. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct which demonstrates a willful and/or reckless disregard for the provisions of the FLSA. Defendant has been investigated by the Department of Labor and has been sued for wage violations in previous lawsuits related to their pay practices for laborers. Defendant was therefore on notice of its FLSA obligations and did not correct the violative practices.

84. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

85. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## COUNT II
## FLSA – Minimum Wage Violations
### (On Behalf of the Collective Members)

86.     Plaintiffs incorporate by reference the allegations set forth above.

87.     Defendant violates the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated minimum wage for such work, as well as failing to provide compensation that is unconditional, free, and clear of deductions and/or kickbacks as described herein. Defendant also violate the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective.  29 U.S.C. § 211(c).

88.     Defendant enacted a scheme to dilute Plaintiff's and the Collective Members' regular hourly rates of pay below the minimum wage by improperly deducting "expenses" from the workers' wages, as well as permitting or otherwise failing to correct Defendant's customer's practice of under-reporting or otherwise artificially reducing the total hours reported worked by Plaintiff and the Collective Members.

89.     As a result, Defendant improperly dilute Plaintiff's and the Collective Members' regular hourly rates of pay to levels below the federal minimum wage and have not compensated Plaintiff and the Collective Members for all hours worked.

90.     Defendant has not paid and continues to refuse to pay Plaintiff and the Collective Members at the federally-mandated minimum wage for all hours worked during each work week.

91.     Defendant violated the FLSA minimum wage by not properly compensating Plaintiff and the Class Members for all hours worked in a work week, thereby diluting their regular hourly rate below the minimum wage of $7.25.

92.     Defendant's minimum wage violations were and are willful.

93.     As a result of Defendant's FLSA minimum wage violations, Plaintiff and the Class Members are entitled to recover unpaid wages dating three (3) years from the date of this filing of this Complaint, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action.

94.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**COUNT I**
**NCWHA – Failure to Pay Minimum Wage**
**(On Behalf of the North Carolina Class)**

95.     Plaintiff incorporates by reference the allegations set forth above.

96.     As detailed above, Defendant failed to, and continues to fail to, compensate Plaintiff and putative North Carolina Class members with at least the minimum wage for all hours worked.

97.     North Carolina law requires an employer to pay its employees all wages accruing to the employee. N.C. Gen. Stat. § 95-25.6.

98.     Defendant is required to pay each employee at or above the minimum wage rate of $7.25 per hour for all hours worked.

99.     During the applicable statutory period, the NCWHA was in full force and effect and required that Plaintiff and putative Class members receive the minimum wage for all hours worked.

100.     Plaintiff and putative Class members are directed to work by Defendant and, in fact, do work but are not compensated at least at the minimum wage rate for all time worked. Pursuant to the NCWHA, Plaintiff and putative Class members are entitled to be compensated at least at the applicable mandated minimum wage rate for all time worked.

101. Plaintiff and the putative Class members are entitled to recover unpaid minimum wages under the NCWHA in a civil action.

102. Because of Defendant's policies and practices with regard to compensating Plaintiffs and putative Class members, Defendant willfully fails to pay minimum wages as required by the NCWHA. Defendant dilutes Plaintiff's and the putative Class Members' regular hourly rates of pay below the minimum wage by improperly deducting "expenses" from the workers' wages, as well as permitting Labor Source's customers to under-report or otherwise artificially reduce the total hours reported worked by Plaintiff and the putative Class Members. Defendant further dilutes Plaintiff's and the putative Class Members' regular hourly rates of pay below the minimum wage by requiring them to perform off-the-clock work—including but not limited to travel time—which adds to the actual hours worked by Plaintiffs and putative Class members. Moreover, Defendants regularly require Plaintiffs and putative Class members to pay out-of-pocket for work expenses including personal protective equipment and transportation, lodging, and food when traveling to assigned work sites, and fail to fully reimburse Plaintiff and putative Class members for these expenses, if at all. When the remuneration received by Plaintiff and putative Class members is reduced by unreimbursed out-of-pocket expenses, and then divided by the actual hours worked, Plaintiff and putative Class members are frequently compensated below the statutory minimum wage rate.

103. Plaintiff and putative Class members are and have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus statutory and liquidated damages, interest thereon, attorneys' fees, and costs of suit pursuant to the NCWHA. N.C. Gen. Stat. § 95-25.22.

104. Wherefore, Plaintiff and the putative Class Members request relief as hereinafter

provided.

**COUNT II**
**NCWHA – Overtime Violation**
**(On Behalf of the North Carolina Class)**

105.    Plaintiff incorporates by reference the allegations set forth above.

106.    Defendant does not compensate Plaintiff and putative Class members with the appropriate overtime rate for work performed in excess of forty (40) hours per week.

107.    The NCWHA requires employers to pay overtime for all hours worked in excess of forty (40) per workweek at a rate of one-and-one-half times the employee's regular rate of pay. N.C. Gen. Stat. § 95-25.4.

108.    Plaintiff and Class Members are not exempt from the overtime requirements under the NCWHA.

109.    Defendant intentionally refused to pay all wages due as set forth in the preceding paragraphs to Plaintiff and the Class Members in violation of the NCWHA.

110.    Accordingly, Plaintiff, on behalf of himself and the Class Members, seeks damages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus statutory and liquidated damages, interest thereon, attorneys' fees, and costs of suit pursuant to the NCWHA. N.C. Gen. Stat. § 95-25.22.

111.    Wherefore, Plaintiff and the putative Class Members request relief as hereinafter provided.

**VII.    JURY DEMAND**

112.    Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

///

# VIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray that this Court enter the following relief:

    i.   Declaration that Defendant's pay practices violate the FLSA;

    ii.   Declaration that Defendant's pay practices violate the NCWHA;

    iii.   An order allowing Plaintiff to notify collective members of their right to opt-in to this action to pursue a claim under the FLSA, pursuant to 29 U.S.C. § 216(b);

    iv.   An order certifying Plaintiff's North Carolina state law claims as a class action pursuant to Federal Rule of Civil Procedure 23;

    v.   An order awarding Plaintiff and the Collective Members back pay equal to the amount of all unpaid wages, plus an equal amount in liquidated damages for willful violations of the FLSA;

    vi.   An order awarding Plaintiff and the Collective Members litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA;

    vii.   An order awarding Plaintiff and the putative Class Members back pay equal to the amount of all unpaid wages, plus an equal amount in liquidated damages for violations of the NCWHA.

    viii.   An order awarding litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the NCWHA and/or Fed. R. Civ. P. 23(h); and

    ix.   Any other relief to which Plaintiff, Class, and Collective Members may be entitled.

Dated: August 12, 2021

Respectfully submitted,

SCHNEIDER WALLACE COTTRELL KONECKY LLP

*/s/ John J. Nestico*
John J. Nestico (N.C. SBN 39457)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977)*
Ori Edelstein (Cal. SBN 268145)*
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

Michael K. Burke (Tex. SBN 24012359)*
William M. Hogg (Tex. SBN 24087733)*
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
mburke@schneiderwallace.com
whogg@schneiderwallace.com

* - To apply for admission *Pro Hac Vice*

*Counsel for Plaintiff, Class, and Collective Members*