IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:21-CV-112-FL

| | |
|---|---|
| BILLY SPEIGHT, Individually and on behalf of all others similarly situated, | § § § |
| *Plaintiffs*, | § § |
| v. | § § |
| LABOR SOURCE, LLC, | § § |
| *Defendant*. | § § |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO AMEND SCHEDULING ORDER AND COMPLAINT**

**I.  INTRODUCTION**

Plaintiff seeks leave of the Court pursuant to Fed. R. Civ. Pro. 15(a) to file a First Amended Class and Collective Complaint, which: (1) adds the following individuals as named plaintiffs: Nikia Maye, Jason Hagens, Scottie Williams and Tangela Flanagan (collectively "New Plaintiffs"); (2) adds a Sub-Class of crew-leads; (3) adds certain new Defendants; and (4) adds a respective Sub-Class for each New Defendant represented by the appropriate New Plaintiffs.

Defendant Labor Source is a staffing company that hires temporary laborers to perform repair and remediation work for its clients. Subsequent to the passing of the deadline to amend pleadings set in this case, Plaintiff became aware, through discovery of various untracked and uncompensated duties that crew "leads" perform giving rise to the Crew Lead Sub-Class identified in Plaintiff's Motion for Class Certification and as proposed in the Amended Complaint.

In addition, through discovery and the opt-in process, Plaintiff learned that Labor Source's client controlled the work of Plaintiff and putative Class Members to a sufficient degree to deem them joint employers and gives rise to Sub Class allegations with respect to each of the New Defendants.

It was not until August 2022 that Plaintiff obtained deposition testimony from Labor Source's PMK that Labor Source's client generally controlled the work performed by Labor Source laborers like Plaintiff, giving rise to their potential liability as Joint Employers.

Furthermore, it was not until December 2022 that Labor Source, for the first time, revealed the identities of the other New Defendants. In turn, Plaintiff then identified individuals - the New Plaintiffs - who performed work and could represent the Class interests with respect to the New Defendants.

Plaintiff now seeks to amend the complaint to add the New Plaintiffs as class and SubClass representatives and to add as Defendants the following Labor Source customers for which they performed work: (1) BMS Cat, LLC; (2) Interstate Restoration LLC d/b/a First OnSite Restoration; (3) BluSky Restoration Contractors, LLC; (4) DSI Holdings Corporation d/b/a Service Master DSI Corporation; Muskogee; and (5) Servpro of Greater Birmingham, Inc.; (collectively "New Defendants").

In addition, New Plaintiff Jason Hagens is being added as a representative of the sub-class of crew leads as indicated in Plaintiff's Motion for Class Certification. Plaintiff seeks leave to amend to add the crew lead sub-class as well.

Finally, Plaintiffs seeks to add Subclasses as to those individuals who performed work, respectively for the New Defendants.

-2-
Case 4:21-cv-00112-FL   Document 100   Filed 04/21/23   Page 2 of 19

The First Amended Class and Collective Complaint is attached hereto as **Exhibit A**, and a redlined version of the First Amended Class and Collective Complaint, showing the changes to the initial complaint, is attached hereto as **Exhibit B**.

Although this Court previously adopted a Case Management Order setting the deadline for amendments to pleadings as February 18, 2022, Plaintiff did not, and could not have, discovered the extent of the New Defendants' control over Plaintiff's and Class Members employment through the exercise of reasonable diligence until at least December 19, 2022, when he obtained responsive documents through discovery, which is well after the deadline. Further, Plaintiff Speight only performed work for BluSky. Therefore, once Plaintiff learned of these customers, Plaintiff needed to identify Laborers who performed work for these other customers and were ready and willing to act as class representatives. Therefore, Plaintiff has established good cause pursuant to Fed. R. Civ. Pro. 16(b) to amend the Case Management Order to extend the deadline for amendments to pleadings.

It is well-established that courts freely grant leave to amend pleadings, and the standard for such a decision operates within an extremely liberal and permissive framework. No undue prejudice or bad faith underlies Plaintiff's request, and amendment would not be futile. Therefore, the Court should grant this Motion.

## II.   FACTUAL BACKGROUND

### A.   The Initial Complaint

On August 12, 2021, Plaintiff Billy Speight[1] filed a Class and Collective Action Complaint ("Complaint") in this Court. [Doc. 1]. The Complaint named Labor Source as the sole Defendant. [*Id.*] The Complaint alleged that Labor Source violated the FLSA and NCWHA. [*Id.*]

---

[1] On February 1, 2022, Plaintiff filed an unopposed Motion to Amend Case Caption to correct his name from William Speight to Billy Speight, his legal name, which this Court granted on February 14, 2022. [Docs. 31, 32].

Labor Source is a staffing company that hires temporary laborers to perform repair and remediation work for its customers on a project-by-project basis. [*Id.*] The Complaint contemplated that there may have been joint employers in addition to Labor Source, and alleged that "at all material times, Labor Source was and is legally responsible, either in its individual employer capacities or in a joint employer capacity alongside [Labor Source's] customers, for the unlawful conduct, policies, acts, and omissions as described and set forth in [the] Complaint, as the individual and/or joint employer of Plaintiff, the Collective, and the Class Members." [*Id.*, ¶ 20]. At the time of the filing, Plaintiff was unaware of who these customers were (other than BluSky Restoration Contractors, the sole customer Plaintiff performed work for), or the extent of control exercised by the customers as it pertained to the work performed in North Carolina.

Plaintiff served his Summons and Complaint on Labor Source on September 28, 2021. [Doc. 6]. On November 9, 2021, Labor Source filed its Answer and Affirmative Defenses to Plaintiff's Complaint. [Doc. 16]. On November 9, 2021, Labor Source also filed a Motion for Partial Dismissal, requesting dismissal of the FLSA claims of any potential opt-in plaintiffs who do not reside in, or who have not worked for Labor Source, in North Carolina. [Doc. 14].

On December 17, 2021, the parties filed their Joint Rule 26(f) Report and Proposed Discovery Plan, in which they jointly agreed that Plaintiff would have until February 18, 2022 to amend his pleadings and join parties, and Defendant would have until March 18, 2022 to amend its pleadings and join parties. [Doc. 23, ¶ 4]. This Court affirmed that discovery plan, including the deadline to amend pleadings and join parties, in its December 21, 2021 Case Management Order. [Doc. 26, ¶ B].

### B. Plaintiff learned the identities the New Plaintiffs, the new Crew Lead Sub-class and New Defendants Following Extensive Discovery After the Deadline to Amend Pleadings

While Plaintiff has been engaged in continuous discovery from the onset of this litigation, Plaintiff did not become aware of the possible joint employer liability and the existence of a potential Crew Lead Sub-Class until Labor Source's PMK deposition in August 2022. However, it was not until December 2022 that Labor Source first produced a *full* list of its clients in North Carolina during the relevant time period. Thus, it was only at this time that Plaintiff could even *begin* to engage with Class Members to identify individuals who performed work for New Defendants and/or performed the tasks of a Crew Lead for New Defendants.

Plaintiff initiated discovery in this case in January 2022. While Plaintiff was aware of the *existence* of two New Defendants BluSky and BMS Cat, prior to August 2022, it was only then that Plaintiff obtained testimony indicating the liability of the New Defendants as joint employers of Plaintiff and Class Members, and potential lability to the proposed Crew Lead SubClass.

On August 24, 2022, pursuant to Fed. R. Civ. Pro. 30(b)(6), Plaintiff took the oral deposition of Robert Reese, Labor Source's Chief Operating Officer and the corporate representative of Labor Source. [Edelstein Decl., **Exhibit D** ("Reese Dep.")]. In the deposition, Plaintiff learned that Labor Source did not provide any supervisors or managers to oversee the work that their laborers were performing at customer worksites. [Reese Dep. 20:3-9]. Rather, such supervision was left to the Client employees who were on the project. [*Id.*] Additionally, the Clients set the daily work schedule, assigned laborers to their work assignments, told workers what type of work to perform, evaluated the quality of the work being performed, told workers when to end their shift, and provided protective equipment required for the project. [Reese Dep. 20:10-25 - 21:1-15]. Moreover, during the same deposition, Plaintiff became aware that Crew Leads performed various additional administrative tasks for Labor Source and the New

Defendants such as organizing the crews, communications with Labor Source Customers and relaying that information to the crews, and processing and submitting time records to Labor Source. [Reese Depo. 25:19-26:5]. However, the time that Crew Leads spend performing these tasks is not separately tracked or compensated. [Reese Depo. 26:23 – 27:16.]

In light of the above testimony and to identify potential new Plaintiffs and Defendants, on October 26, 2022, Plaintiff propounded his Third Set of Requests for Production and its Second Set of Interrogatories on Defendant. On December 1, 2022, Defendant served its Objections and Answers to Plaintiff's Third Set of Requests for Production, and its Objections and Answers to Plaintiff's Second Set of Interrogatories. [Edelstein Decl., **Exhibit E**]. In its Answer to Interrogatory No. 13, Labor Source confirmed that projects on which the opt-in Plaintiffs worked were overseen by individuals employed by Labor Source's customers/clients. [*Id.*]

On December 19, 2022, Defendant produced responsive documents, including for the first time a list of other customers and projects in North Carolina. [Edelstein Decl., **Exhibit F**, Bates Stamp LS-Speight-001452]. It was only on this date that Labor Source for the first time identified the existence and names of New Defendants.

Subsequent to identifying the above New Defendants, Plaintiff then had to identify New Plaintiffs, who are also Collective and Class Members, who performed work for at least one of the New Defendants including as Crew Leads and who agreed to serve as Plaintiffs in this action.

Plaintiff could only bring a motion to add New Plaintiffs, and correspondingly, New Defendants, after it had both identified all the New Defendants and had identified the New Plaintiffs, which necessarily could have only been accomplished following the revelation of the identifies of all the New Defendants in December 2022.

After identifying both New Defendants and New Plaintiffs, Plaintiff brought this motion as soon as practicable.

### III. PROPOSED AMENDMENT

Because of the information uncovered in deposition and discovery from August 2022 to December 2022, Plaintiff now seeks to add New Plaintiffs, join the New Defendants, add sub-classes for those Laborers who, respectively performed work for each New Defendant and add a sub-class of crew leads in this Action. [*See* Exs. A and B].

Labor Source contracted with the New Defendants to provide laborers to New Defendants for projects in various work sites, including in North Carolina. [*Id.*] Plaintiff, Class, and Collective Members perform labor services for Labor Source and the New Defendants at various work sites in North Carolina, including New Plaintiffs [*Id.*]

At all material times, Labor Source and the New Defendants were and are legally responsible in their joint employer capacities, within the meaning of FLSA and NCWHA for the unlawful conduct, policies, acts, and omissions described in the First Amended Complaint as to Plaintiff, the Collective, and Class Members. [*Id.*]

### IV. ARGUMENT

#### A. Legal Standard For Leave to Amend Pleadings.

Fed. R. Civ. Pro. 15(a) applies to proposed amendments to pleadings, including those seeking to add parties. *Galustian v. Peter*, 591 F.3d 724 (4th Cir. 2010); *Mayes v. Rapoport*, 198 F.3d 457, 462, n.11 (4th Cir. 1999). Rule 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent or the court's leave." Rule 15 provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The function of Rule 15 is to provide parties an opportunity to assert new matters that may not have been known to them at

the time they filed their original pleadings." *Johnson v. Helicopter & Airplane Services Corp.*, 389 F.Supp. 509, 513 (D. Md. 1974).

Under Rule 15(a), leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006); *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009); *Franks v. Ross*, 313 F.3d 184 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Courts typically allow the joinder of parties as Joint Employers under Rule 15. In *Kadel*, a Plaintiff brought a Title VII claim against the State of North Carolina. It then sought leave to add the University of North Carolina and a Plaintiff who worked for the University under Rule 15 on the theory that the University was a Joint Employer. *Kadel v. Folwell*, No. 1:19cv272, 2021 U.S. Dist. LEXIS 41528, at *10 (M.D.N.C. Mar. 5, 2021). In granting the motion for leave, the Court noted that the allegations that the State "delegated" certain duties over Plaintiffs to the University, that was sufficient to support Joint Employer status for the purposes of a motion for leave to amend. *Id.* at *23-25.

It is well-established that courts freely grant leave to amend pleadings to add parties, and the standard for such a decision operates within an extremely liberal and permissive framework. No undue prejudice or bad faith underlies Plaintiff's request, and amendment would not be futile. Plaintiff seeks to claims against Labor Source and New Defendants as joint employers with respect to claims arising out of the same transaction or occurrence. Because Plaintiff will allege facts that Labor Source and New Defendants were Plaintiff's joint employers, this action concerns questions of law and fact common to both Co-Defendants. Therefore, the Court should grant this Motion.

### B. Good Cause to Modify The Scheduling Order Exists

#### 1. Good Cause Under Rule 16

When the Court has entered a scheduling order, Fed. R. Civ. Pro. 16(b)(4), governing modifications to a scheduling order, is also implicated. Under Rule 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." *See also Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 FR.D. 455, 460 (M.D.N.C. 2003) (*citing Odyssey Travel Ctr, Inc. v. RO Cruises, Inc*., 262 F. Supp. 2d 618, 631 (D. Md. 2003)); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) ("A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. The party must first demonstrate that there is 'good cause' why the court should not adhere to the dates specified in the scheduling order. If the party shows 'good cause' to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure 15."); *Studio Frames, Ltd. v. Village Ins. Agency, Inc.,* 2003 U.S. Dist. LEXIS 5450, at *1 (M.D.N.C. March 31, 2003); *Nourison Rug Corp., v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008); *United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007).

"Good cause" under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered "in the exercise of reasonable diligence" until after the amendment deadline had passed. *Studio Frames*, 2003 U.S. Dist. LEXIS 5450, at *2. "Good cause is not shown when the amendment could have been timely made." *Aventis Cropscience N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 2002 U.S. Dist. LEXIS 24361, *2 (M.D.N.C. Dec. 12, 2002) (citing *Wildauer v. Frederick County*, 993 F.2d 369, 372 (4th Cir. 1993)).

### 2. Plaintiff Was Prevented from Discovering the Need to Amend Until After Completing Discovery

Here, Plaintiff did not uncover the potential joint employer liability of the New Defendants and the possibility of Sub-Classes related to those new Defendants and the potential claims of the Crew Lead Sub-Class until the PMK deposition in August 2022. Plaintiff then issued discovery to obtain the identities of new Defendants in October 2022 and did not obtain them until December 2022. Plaintiff then did not obtain the identities of New Plaintiffs until 2023.

Plaintiff needed the discovery process to confirm the extent of the New Defendants' control over Plaintiff's employment in light of the fact that BluSky contested the joint employer issue in the U.S. District Court for the District of Minnesota in the related case *Murphy et al. v. Labor Source, LLC et al.*, 2019-CV-1929 (D. Minn. 2019). [See Defendant BluSky's Objections to Magistrate Judge's Report and Recommendation, attached to the Declaration of Ori Edelstein as **Exhibit H**].

Finally, Plaintiff was not employed as a crew lead and therefore was unaware of the need for a sub-class of crew-leads for the additional administrative work they performed off the clock. Upon learning of those tasks, Plaintiff attempted to identify a Class or Collective Member who also worked as a crew lead and who was willing and able to represent the sub-class of crew leads. New Plaintiff Jason Hagens, worked as a crew lead and is willing and able to represent the crew lead sub-class.

Plaintiff has established good cause to amend the Case Management Order to extend the deadline for amendments to pleadings.

### 3. Plaintiff Exercised Reasonable Diligence in Determining the Extent of the New Defendants' Control Over Plaintiffs as Joint Employers.

A Court may modify a scheduling order under Rule 16(b) if the deadline could not have reasonably been met despite the diligence of the party seeking the extension. *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that the movant was diligent in assisting the Court in creating a workable Rule 16 order, (2) that the movant's noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the movant's diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that the movant was diligent in seeking amendment of the Rule 16 order, once it became apparent that the movant could not comply with the order. *Burton v. United States*, 199 F.R.D. 194 (S.D. W.Va. (2001) (*citing Jackson v. Laureate, Inc*., 186 F.R.D. 605, 607-08 (E.D. Cal. 1999)).

Moreover, all that a plaintiff need demonstrate to establish good cause is to show that the "evidence supporting…the proposed amendment…would not have been discovered in the exercise of reasonable diligence until after the amendment deadline has passed. *United States v. Godwin,* 247 F.R.D. 503, 507 (E.D.N.C. 2007). Specifically, courts have held that a plaintiff satisfies the Rule 16 standard of good cause and due diligence with respect to alleging new employer theories of liability. In *Anzovino,* the Plaintiff sought leave to amend her FLSA and state wage law Complaint to add the parent corporation of the original Defendant as a new party after the deadline to amend had passed per the relevant scheduling order. *Anzovino v. Wingate of Dutchess, Inc.*, 2022 U.S. Dist. LEXIS 209754, at *3 (S.D.N.Y. Nov. 18, 2022). In granting the motion, the Court noted that "Plaintiff has adequately demonstrated that she acted with diligence—because the proposed amendment relies on information that was not available

to Plaintiff prior to the scheduling order deadline, she would not have been in a position to seek to amend the complaint in this way prior to the expiration of that deadline. *Id.* at *8.

In this case, Plaintiff was diligent in assisting the Court in creating a workable Case Management Schedule, as evidenced by Plaintiff's and Labor Source's December 17, 2021 Joint Rule26(f) Report and Proposed Discovery Plan and their Amended Proposed Discovery Plan, which Plaintiff assumed, at that time, had reasonable deadlines. [Docs. 23, 36]. Plaintiff made diligent efforts to comply with the discovery plan by diligently engaging in discovery, but despite these efforts, Plaintiff only learned of the nature and extent of New Defendants' control over Plaintiff's conditions of employment through the August 2022 Rule 30(b)(6) Deposition of Robert Reese, and subsequent discovery from October 2022 to January 2023. The nature and extent of the New Defendants' control over Plaintiff's conditions of employment could not have been reasonably foreseen at the time of the Rule 16 scheduling conference. Additionally, since confirming the above facts in the Rule 30(b)(6) deposition and written discovery from August 2022 to December 2022, Plaintiff promptly filed this Motion for Leave to amend the scheduling order and Complaint to join the New Defendants.

Therefore, Plaintiff has demonstrated good cause under Rule 16(b) for amending this Court's scheduling deadline for amending pleadings and joining parties.

### C. Amendment Under Rule 15 Should Be Granted

#### 1. The Proposed Amendment Is Not Prejudicial.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). And while delay alone "is an insufficient reason to deny a motion to amend," "the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . ."

*Matrix Capital*, 576 F.3d at 193. The amount of discovery is also a relevant consideration in determining whether prejudice would result from the granting of a 15(a) motion. *Mayfield v. NASCAR*, 674 F.3d 369 (4th Cir. 2012) (*citing Equal Rights Center v. Niles Bolston Assoc's*, 602 F.3d 597, 603 (4th Cir. 2010)). Prejudice may also be found when a plaintiff belatedly moves to amend and "the proof required to defend against [his] new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary." *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987). "If an amendment 'is proposed late enough' and requires the opponent 'to engage in significant new preparation' or results in the 'added expense and the burden of a more complicated and length trial,' prejudice may be found." *Hall v. Tyco Int'l, Ltd.*, 223 F.R.D. 219 (M.D.N.C. 2004) (*citing Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997).

In this case, Plaintiff and Labor Source have engaged in substantial discovery. Labor Source has responded to two sets of Interrogatories, three sets of Requests for Production, and one set of Requests for Admission, and the deadline for discovery recently passed. However, amendment of the complaint to add the New Defendants as additional parties will not prejudice Labor Source because it will not require any additional discovery from Labor Source or require Labor Source to discover evidence of a different character to defend against Plaintiff's claims. Labor Source will not be required to engage in any new or significant preparation or expend any more time or resources on further discovery because of the New Defendants' additions. Rather, the duty of responding to new discovery, if any, would fall on the New Defendants, not Labor Source.

Furthermore, any new discovery between Plaintiff and the New Defendants is not likely to result in evidence of an entirely different character than what has already been produced because Plaintiff's allegations against the New Defendants arise from the same common nucleus of operative facts and law as his allegations against Labor Source. Although the addition of the New

Defendants may result in additional discovery between Plaintiff and the New Defendants that may slightly delay the current case management schedule, this will not result in prejudice to Labor Source. Delay alone, without more, is an insufficient reason to deny a motion to amend. *See Matrix Capital*, 576 F.3d at 193. Therefore, the proposed amendment will not prejudice Labor Source.

### 2. The Proposed Amendment Is Not the Product of Bad Faith.

When determining whether bad faith is present, the court "typically will take account of the movant's delay in seeking the amendment." *Shinn v. Greeness*, 218 F.R.D. 478 (M.D.N.C. 2003). Here, Plaintiff is filing the instant Motion within weeks of Plaintiff's counsel confirming through written discovery the extent and nature of the New Defendants' control over Plaintiff's employment. Plaintiff is not filing this request frivolously, as a dilatory maneuver in bad faith, or to delay litigation. Rather, Plaintiff recently became aware through discovery that New Defendants clearly have liability to Plaintiff as joint employers. The evidence collected through the 30(b)(6) Deposition of Robert Reese and written discovery have demonstrated that the New Defendants have liability as Plaintiff's joint employers. Therefore, justice requires that leave be freely granted to join the New Defendants.

### 3. The Proposed Amendment Is Not Futile.

A Court may deny leave based on futility only "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Amendments that fail to state a claim under Rule 12(b)(6) are futile. *Hall v. Tyco Int'l, Ltd.*, 223 F.R.D. 219 (M.D.N.C. 2004).

Plaintiffs' amendment is not futile. Plaintiff proposes to add the New Defendants as Co-Defendants and clearly asserts claims against them upon which relief can be granted. Plaintiff's allegations against the New Defendants in the First Amended Class and Collective Action

Complaint are supported by sufficient facts that Plaintiff uncovered during discovery and Plaintiff's allegations are not frivolous. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (discussing how an adequately stated claim under Rule 12(b)(6) is "supported by showing any set of facts consistent with the allegations in the complaint."); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (holding that the Court must construe the Complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.)

Furthermore, any statute of limitations concerns are resolved via the "relation back" doctrine. Federal Rule of Civil Procedure 15 provides in pertinent part: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

With respect to the addition of new parties, the Rule allows the relation back of amendments so long as the parties have notice of the particular conduct, transaction, or occurrence at issue. See 6A Charles Alan Wright et al., Federal Practice & Procedure § 1498 (3d ed. 2010 & Supp. 2014).

In this case, the original complaint was brought by Plaintiff, a laborer who staffed projects for which Labor Source agreed to provide manual labor for its Clients. The original complaint alleged that as a result of various time and pay policies and practices, Labor Source was liable to Plaintiff, Collective and Class Members for violations of the FLSA and state law wage and hour laws for failure to pay overtime and minimum wage. As with the original complaint, the amended complaint is again brought by laborers sent to staff various projects by Labor Source's clients alleging the same wage and hour violations of state law and the FLSA. However, the

amended complaint simply adds the Labor Source clients who were jointly responsible for the previously alleged conduct. In short, the conduct and violations alleged in the amended complaint remain. The only change effectuated by the amended complaint was to identify the specific Clients who are also potentially liable to Plaintiff, Class and Collective members.

The original complaint already alleges that Labor Source's clients were also responsible for the various policies and practices resulting the above violations. All the amended complaint does is name those client, whose identify Plaintiff did not previously know.

Because the substantive allegations in the amended complaint were identical to those contained in the initial complaint, the requirements of relation back under Rule 15(c) clearly apply. See *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014) ("The proposed amended complaint in this case clearly meets the . . . requirement of . . . Rule 15(c)(1)(B) . . . because it [does not] alter the underlying causes of action").

Further, as the Advisory Committee Notes to Rule 15(c) observe, the Rule does not expressly treat the relation back of an amended complaint that adds plaintiffs. Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment; see also *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 297 (3d Cir. 2010) (explaining that Rule 15(c) does not expressly contemplate adding plaintiffs because "th[at] problem is generally easier [than that of amendments changing defendants]" (quoting Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment)). Thus, the amendment at issue does not technically implicate the "chief consideration of policy" of Rule 15(c). See id. (quoting Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment); cf. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider . . . the general principles of amendment provided by Rule 15(a) . . ." (emphasis added)).

"As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading. 6A Wright et al., supra, § 1501 (emphasis added)

Thus, there is no basis to deny this motion on the grounds that new Plaintiffs are being added. As noted above, all the New Plaintiffs were laborers employed by Labor Source, and their addition does not change the fundamental facts or allegations in this matter. Accordingly, there is no prejudice argument that Labor Source can raise with respect to the addition of the New Plaintiffs.

Therefore, amendment is not futile, and the Court should freely grant Plaintiff leave to amend the Complaint.

## V.     CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that the Court find that Plaintiff demonstrated good cause under Fed. R. Civ. Pro. 16(b) to extend Plaintiff's deadline to amend pleadings and join parties in this Court's December 21, 2021 Case Management Order [Doc. 26, ¶ B][2] to up to and including the date of entry of the [Proposed] Order submitted herewith, and grant consent to amend the Case Management Order. Plaintiff also requests that the Court freely grant leave under Fed. R. Civ. Pro. 15(a) to file the First Amended Class and Collective Action Complaint.

---

[2] Reaffirmed and restated in this Court's May 19, 2022 Amended Case Management Order [Doc. 37].

Dated: April 21, 2023                    Respectfully Submitted,

                                         */s/ Ori Edelstein*
                                         Ori Edelstein

                                         **SCHNEIDER WALLACE
                                         COTTRELL KONECKY LLP**
                                         John J. Nestico
                                         6000 Fairview Road, Suite 1200
                                         Charlotte, NC  28210
                                         Tel: 510.740.2946
                                         Fax: 415.421.7105
                                         jnestico@schneiderwallace.com

                                         Carolyn H. Cottrell*
                                         Ori Edelstein*
                                         Eugene Zinovyev*
                                         2000 Powell Street, Suite 1400
                                         Emeryville, CA  94608
                                         Tel: 415.421.7100
                                         Fax: 415.421.7105
                                         oedelstein@schneiderwallace.com
                                         ccottrell@schneiderwallace.com
                                         ezinovyev@schneiderwallace.com

                                         ATTORNEYS FOR PLAINTIFFS

                                         *Admitted by Special Appearance
                                         (Pursuant to Local Civil Rule 83.1(d))*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with known counsel for Defendant about the subject of this Motion. Defendant's known counsel indicated Defendant was opposed.

                                         */s/ Ori Edelstein*
                                         Ori Edelstein

# CERTIFICATE OF WORD COUNT

I hereby certify that Plaintiffs' Memorandum in Support of Plaintiff's Motion for Class Certification complies with Local Rule 7.2(f)(3). I further certify that, in preparation of this Memorandum, I used Microsoft Word for Microsoft 365, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count. I further certify that the above-referenced Memorandum contains 5,075 words.

*/s/ Ori Edelstein*
Ori Edelstein

# CERTIFICATE OF SERVICE

I certify that on April 21, 2023, I filed this motion through the Eastern District of North Carolina's CM/ECF system which will serve an electronic copy on all parties of record.

>OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
>Kevin S. Joyner (N.C. Bar No. 25605)
>8529 Six Forks Road, Forum IV, Suite 600
>Raleigh, NC  27615
>919.787.9700
>919.783.9412 (Facsimile)
>Email:  kevin.joyner@ogletree.com
>
>Justin M. Dean
>4520 Main Street, Suite 400
>Kansas City, MO  64111
>816.410.2244
>816.471.1303 (Facsimile)
>Emails:  justin.dean@ogletree.com

*/s/ Ori Edelstein*
Ori Edelstein