IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-112

| | |
|---|---|
| WILLIAM SPEIGHT, individually and on behalf of all others similarly situated, JASON HAGENS, individually and on behalf of all others similarly situated, SCOTTIE WILLIAMS, individually and on behalf of all others similarly situated, and TANGELA FLANAGAN, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>LABOR SOURCE, LLC,<br><br>           Defendant. | ORDER |

This matter comes before the court on plaintiffs' motion for reconsideration of this court's order entered July 12, 2023. (DE 123). The issues raised have been briefed fully and in this posture are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff William Speight ("Speight") commenced this class and collective action on August 12, 2021, asserting that defendant, his former employer, failed to compensate him and others similarly situated as required by the Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA").[1] Pursuant to this court's case management orders, plaintiff's

---

[1] The court sets forth in this order only those parts of the procedural history that are relevant to the instant motion. A more detailed statement of the case may be found in this court's July 12, 2023, order. (DE 110).

1

deadline to move for leave to join additional parties or otherwise amend the pleadings was February 18, 2022. Over one year after that deadline had passed, on April 21, 2023, plaintiff Speight moved to file an amended complaint. Plaintiff sought to add as additional plaintiffs Nikia Maye ("Maye"), Jason Hagens ("Hagens"), Scottie Williams ("Williams"), and Tangela Flanagan ("Flanagan"),[2] hereinafter referred to as "putative new plaintiffs," and to add defendant Labor Source, LLC's ("Labor Source's") clients BluSky Restoration Contractors, LLC, BMS Cat, LLC, Interstate Restoration LLC d/b/a First OnSite Restoration, DSI Holdings Corporation d/b/a/ Service Master DSI Corporation, and Servpro of Greater Birmingham, Inc., hereinafter referred to as "putative new defendants," as additional defendants. The motion was fully briefed. On July 12, 2023, the court denied the motion with respect to putative new defendants where the claims sought to be added were time-barred under a two-year statute of limitations and did not relate back to the original complaint, but granted the motion with respect to plaintiffs Hagens, Williams, and Flanagan.

## COURT'S DISCUSSION

A.   Standard of Review

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: 1) timeliness, 2) a meritorious defense, 3) a lack of unfair prejudice to the opposing party, and 4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence;

---

[2]   No known relation to the undersigned.

3) fraud; 4) the judgment is void; 5) the judgment has been satisfied; or 6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

B. Analysis

Plaintiffs seek relief under Federal Rule of Civil Procedure 60(b)(1), which provides relief in instances of "mistake, inadvertence, surprise, or excusable neglect,"[3] asserting that the court made a mistake when it imposed the two-year statute of limitations generally applicable to violations of the FLSA rather than the three-year bar applicable to willful violations, in dismissing proposed amended claims against putative new defendants. After careful review of the applicable standard and its July 12, 2023, order, the court confirms its imposition of a two-year statute of limitations in this case.

   1.  Threshold Requirements

Plaintiffs fail to meet the threshold requirements for reconsideration where they fail to demonstrate timeliness, lack of prejudice to non-movants, and extraordinary circumstances. Where the requirements of Rule 60(b) are "described in the conjunctive," plaintiffs "must meet them all." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300 (4th Cir. 2017).

With respect to timeliness, arguments raised for the first time on a motion for reconsideration are generally deemed waived. See Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (noting that "an issue presented for the first time" on a motion for reconsideration "is not timely raised"); Wootten v. Commonwealth of Virginia, 168 F. Supp. 3d

---

[3] Plaintiffs do not move for reconsideration under Rule 54(b), however, the court within its discretion declines to disturb its July 12, 2023, order under that rule for the reasons stated in this section.

3

Case 4:21-cv-00112-FL  Document 132  Filed 02/28/24  Page 3 of 5

890, 893 (W.D. Va. 2016) ("[A] party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.").

Plaintiffs did not argue previously that the relevant statute of limitations was three years, despite the issue being timely raised by defendant. Compare (Def's Resp. Opp. Amend. (DE 106) at 18) (raising a two year statute of limitations with respect to the North Carolina Wage and Hour Act claims) with (Plf's Memo in Support of Amend. (DE 100) at 15) (contending that "any statute of limitations concerns are resolved via the 'relation back' doctrine) and (Plf's Reply (DE 109)) (omitting mention of statute of limitations issues altogether). Nor did plaintiffs contend in either of their briefs that putative new defendants acted willfully. Plaintiffs' request that the court apply a three-year statute of limitations to its claims thus falls short where it was not timely raised.

In addition, plaintiffs have not offered to show the existence of extraordinary circumstances warranting relief. Where plaintiffs have not met the threshold requirements for relief, the motion is denied.

2. Absence of Mistake

In addition and in the alternative, plaintiffs fail to show that the court's July 12, 2023, order is mistaken. Plaintiffs do not recognize the significance of that portion of the court's July 12, 2023, order addressing plaintiff Speight's factual allegations surrounding putative new defendants' conduct. The order states that "[t]he original complaint references '[d]efendant's customers' only to explain defendant [Labor Source]'s alleged failure to comply with the law rather than alleging that the customers committed independent unlawful acts." (July 12, 2023, Order (DE 110) at 8). Plaintiffs' proposed amended complaint similarly did not allege any independent acts by the putative new defendants, precluding an inference that the putative new defendants acted willfully. (See Prop. Amend. Compl. (DE 125-1)). And contrary to plaintiffs' assertion that the court is

"required to" accept a three-year statute of limitations "on a motion to dismiss," (Plf's Memo (DE 124 at 2)), as the court stated in its July 12, 2023, order, it "does not consider 'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments.'" (July 12, 2023, Order (DE 110) at 7) (quoting Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (alterations in original). The court has reviewed those portions of plaintiffs' proposed amended complaint asserting that the conduct at issue was willful, and determines that those assertions are conclusory statements without supporting factual allegations. Accordingly, plaintiffs' motion for reconsideration is denied.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for reconsideration (DE 123) is DENIED. Plaintiffs shall file a motion for class certification no later than **April 10, 2024**. Defendant shall respond no later than **June 10, 2024**. Plaintiffs may reply no later than **June 24, 2024**.

SO ORDERED, this the 28th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge