IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:21-CV-112-FL

| | |
|---|---|
| WILLIAM SPEIGHT, Individually and on behalf of all others similarly situated, | § § § |
| *Plaintiffs*, | § § |
| v. | § § |
| LABOR SOURCE, LLC, | § § § |
| *Defendant*. | § |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 6

II. RELEVANT FACTS ............................................................................................................. 7

III. RELEVANT PROCEDURAL HISTORY .......................................................................... 7

IV. ARGUMENT ........................................................................................................................ 8

   A. Legal Standard ................................................................................................................. 8

   B. Plaintiffs State a Class Claim for Relief under the North Carolina Wage and Hour Act for Defendant's Failure to Pay their Promised and Earned Wages .................... 9

   C. Plaintiffs' NCWHA and FLSA Claims are Factually and Legally Distinct ..................... 11

   D. Each of the Cases Cited by Defendant in Support of its Motion are Distinguishable and Inapplicable to this Case ........................................................................... 12

   E. The FLSA Does not Preempt Plaintiffs NCWHA Claims Because Their Claims Arise from Laws That do not Obstruct the Full Purpose and Objectives of the FLSA .... 14

V. CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

Alejandra Batlle v. United Drug Supply, Inc.,
 No. 1:20CV412, 2020 WL 9848460 (M.D.N.C. Dec. 2, 2020) .................................................. 13

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) .................................................................................................................... 7

Batlle v. United Drug Supply,
 2020 U.S. Dist. LEXIS 25553 ................................................................................................... 13

Carter v. City of Charleston,
 995 F.Supp. 620 (D.SC 1997) ................................................................................................... 11

Cirillo v. Citrix Sys.,
 2022 U.S. Dist. LEXIS 49911 ................................................................................................... 13

Cirilloi v. Citrix Sys., Inc., No 5:21-CV-88-BO, 2022 WL 841327
 (E.D.N.C. Mar. 21, 2022) .......................................................................................................... 12

DeHoll v. Eckerd Corp.,
 No. 1:18CV280, 2018 U.S. Dist. LEXIS 186524
 (M.D.N.C. Oct. 30, 2018) .......................................................................................................... 14

Deutsche Bank Nat'l Trust Co. v. I.R.S.,
 361 F. App'x 527 (4th Cir. 2010) ................................................................................................ 8

Douglas v. Xerox Bus. Servs., LLC,
 875 F.3d 884 (9th Cir. 2017) ..................................................................................................... 11

Edwards v. City of Goldsboro,
 178 F.3d 231 (4th Cir. 1999) ....................................................................................................... 9

Figueroa v. Butterball, LLC,
 2021 U.S. Dist. LEXIS 175243 ............................................................................................ 13, 14

Figueroa v. Butterball, LLC,
 No. 5:20-CV-585-D, 2021 WL 4203652 .................................................................................. 13

Lima v. MH & WH, LLC,
 372 F.Supp.3d 317 (E.D.N.C. 2019) ......................................................................................... 13

Lima v. MH & WH, LLC,
    No. 5:14-CV-896-FL, 2019 WL 2602142 (E.D.N.C. Mar. 8, 2019) ........................................ 13

Lombardozzi v. Allscripts Healthcare, LLC,
    No. 5:13-CV-715-BO, 2014 WL 300798 ................................................................................ 13

Lombardozzi v. Allscripts Healthcare, LLC,
    No. 5:13-CV-715-BO, 2014 WL 300798
    (E.D.N.C. Jan. 27, 2014) ......................................................................................................... 13

Martinez-Hernandez v. Butterball, LLC,
    578 F.Supp.2d 816 (E.D.N.C. 2008) ....................................................................................... 14

Massey v. Board of Trustees,
    357 F.Supp.2d 878 (WDNC 2005) .......................................................................................... 11

Massey v. Ojaniit,
    759 F.3d 343 (4th Cir. 2014) ..................................................................................................... 8

Monahan v. County of Chesterfield, Virginia,
    95 F.3d 1263 (4th Cir. 1996) ................................................................................................... 11

Sharkey v. Fortress Sys. Int'l,
    2019 U.S. Dist. LEXIS 136404 ......................................................................................... 13, 14

Sharkey v. Fortress Systems Int'l, Inc.,
    Case No. 3:18-cv-00019- FDW-DCK, 2019 WL 3806050
    (W.D.N.C. Aug. 13, 2019) ....................................................................................................... 13

Whitehead v. Sparrow Enterprise, Inc.,
    167 N.C. App. 178 S.E.2d 234 (2004) ...................................................................................... 9

**STATUTES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................... 8

Fed. R. Civ. P. 12(c) ........................................................................................................... 6, 8, 14, 15

N.C. Gen Stat. § 95.25.7 ................................................................................................................... 10

N.C. Gen. Stat. § 95-25.14 ............................................................................................................... 15

N.C. Gen. Stat. § 95-25.14(a) .................................................................................................. 6, 9, 13

N.C. Gen. Stat. § 95-25.2(16) ........................................................................................................ 10

N.C. Gen. Stat. § 95-25.22(a) ....................................................................................................... 10

N.C. Gen. Stat. § 95-25.3 ............................................................................................................... 9

N.C. Gen. Stat. § 95-25.4 ............................................................................................................... 9

N.C. Gen. Stat. § 95-25.6 ........................................................................................................ passim

**TREATISES**

5C Wright & Miller, Federal Practice and Procedure (3d ed. 2011) ............................................... 8

Plaintiffs Billy Speight, Jason Hagens, Scottie Williams, and Tangela Flanagan ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this response in opposition to Defendant's Motion for Partial Judgment on the Pleadings.

## I. INTRODUCTION

In arguing that the Court should enter judgment based on the pleadings instead of on the merits of this case, Defendant asks the Court to read something into the North Carolina Wage and Hour Act ("NCWHA" or the "Act") that does not exist. Defendant's motion is premised entirely upon a limited exemption to the NCWHA for employers covered by the FLSA. Defendant attempts to evade liability for the legitimate claims of employees who were deprived of wages and subject to unlawful deductions by promoting a specious theory; one which ignores the plain language of the NCWHA and implores an expansive interpretation that defies legislative intent.

Plaintiffs' NCWHA claim is not based on minimum wage or overtime violations. Rather, the claim is for promised, i.e., contractual wages that were not paid as a result of Defendants' unlawful policies and practices. Thus, while N.C. Gen. Stat. § 95-25.14(a) creates a limited exemption from the NCWHA's minimum wage and overtime requirements for FLSA employers, Plaintiffs' NCWHA claims arise from violations of N.C. Gen. Stat. § 95-25.6, which is not included in the specifically enumerated statutory exemptions for FLSA employers.

Because Plaintiffs' NCWHA claim is both factually and legally distinct from their minimum wage and overtime claims brought under the FLSA, their NCWHA claim does not fall within the scope of this limited exemption and is not subject to judgment on the pleadings. Plaintiffs have pled valid and meritorious NCWHA claims which are not subject to challenge by a Fed. R. Civ. P. 12(c) motion. Defendant's motion must therefore be denied.

## II. RELEVANT FACTS[1]

Defendant Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor ("Defendant") is a staffing company that recruits and assigns workers to work on projects with other companies. *See* Dkt. 111 at ¶ 35. In employing these non-exempt workers, Defendants fabricated and manipulated the hours worked by Plaintiffs, Class, and Collective members, resulting in underpayment of wages and unreported hours worked. *Id.* at ¶ 32. This practice resulted in Plaintiffs, Class and Collective members working hours for Defendants that were not recorded, resulting in work time that was not compensated at their regular hourly rates, despite Defendant having knowledge that such hours were worked. *Id.* at ¶ 40.

## III. RELEVANT PROCEDURAL HISTORY

The Court has conditionally certified as a FLSA collective action, a Collective defined as follows:

> All current and former manual laborers employed by Defendant Labor Source (d/b/a One Source Staffing and Labor and/or CATSTAFF) on any project in North Carolina, at any time during the period from August 12, 2018 to the present.

Plaintiffs have also moved for certification of a "North Carolina Class" defined as follows:

> All current and former hourly, non-exempt employees, including but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Labor Source within the State of North Carolina at any time during the two years preceding the filing of this Complaint through final resolution of the action;

and a "North Carolina Crew Lead Subclass" defined as follows:

> All current and former hourly, non-exempt employees who were categorized as non-exempt Crew Leads ("Crew Lead") employed by Labor Source within the State of North Carolina at any time during the two years preceding the filing of this Complaint through final resolution of the action.

---

[1] At this stage, the Court is required to accept as true all well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") was filed in this District Court on July 19, 2023. Dkt. 111. The Complaint asserts four causes of action, two for violations of the FLSA and two for violations of the NCWHA and related North Carolina wage and hour laws. *Id.*, ¶¶104-143. As to the FLSA claims, Plaintiffs allege that Defendants failed to pay them the applicable minimum wage and failed to pay them appropriate overtime premiums.

As to the NCWHA claims, Plaintiffs allege that Defendants failed to timely pay all ***regular wages*** accrued for hours worked in violation of N.C. Gen. Stat. § 95-25.6 because Defendants: (1) had unlawful timekeeping policies and practices; (2) required Plaintiffs to work off-the-clock; (3) failed to reimburse for business expenses incurred on Defendants' behalf; and (4) made unlawful deductions to Plaintiffs' pay. *Id.*

Defendants now move for Partial Judgment on the Pleadings.

## IV.  ARGUMENT

### A.  Legal Standard

"Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Wright & Miller, Federal Practice and Procedure § 1368 (3d ed. 2011).

Therefore, "a Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." Deutsche Bank Nat'l Trust Co. v. I.R.S., 361 F. App'x 527, 529 (4th Cir. 2010); *see also* Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) ("[W]e are mindful that a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact.").

In resolving a motion for judgment on the pleadings, the court may consider only the pleadings and exhibits attached thereto, relevant facts obtained from the public record, and exhibits to the motion that are "integral to the complaint and authentic." Massey, 759 F.3d at 347. When considering a motion for judgment on the pleadings pursuant to Rule 12(c), the pleadings must be read in the light most favorable to the nonmoving party. Edwards v. City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999).

### B. Plaintiffs State a Class Claim for Relief under the North Carolina Wage and Hour Act for Defendant's Failure to Pay their Promised and Earned Wages

Contrary to Defendant's contention, Plaintiffs' NCWHA claim is not exempt because Plaintiffs seek their regular, contractual wages under N.C. Gen. Stat. § 95-25.6, and not minimum wages or overtime under this cause of action. Defendant argues that Plaintiffs' NCWHA claims should not proceed because under the Act, claims brought under N.C. Gen. Stat. § 95-25.3 (for minimum wage), and under N.C. Gen. Stat. § 95-25.4 (for overtime) do not apply to any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act. N.C. Gen. Stat. § 95-25.14(a).

In Whitehead v. Sparrow Enterprise, Inc., 167 N.C. App. 178, 605 S.E.2d 234 (2004), the North Carolina Court of Appeals rejected a similar contention by a defendant that an employer covered by the FLSA was exempt from a wage payment claim pursuant to § 95-25.6 and other sections. The Court, citing the specific exemptions covering minimum wage and overtime, held:

> Plaintiff's claims arise from N.C. GEN. STAT. §§ 95-25.6 and 95-25.8 which address Wage Payment and Withholding of Wages respectively. The statute defendant relies upon for exemption does not cover either section of the NCWHA. Defendants' argument is overruled.

Whitehead, *supra*, at 237.

As in Whitehead, the minimum wage and overtime exemptions do not apply to Plaintiffs' claims because Plaintiffs clearly plead a claim for their regular, contractual wages. Plaintiffs'

NCWHA claim is for recovery of their promised, straight time wages, not for minimum wage or overtime violations. Indeed, Plaintiffs cite N.C. Gen. Stat. § 95-25.6 as the specific basis for their claim because they are suing for their unpaid regular wages. Accordingly, the cited exemptions do not apply.

N.C. Gen Stat. § 95-25.6 provides that "[e]very employer shall pay every employee all wages . . . accruing to the employee on the regular payday . . ." Similarly, N.C. Gen Stat. § 95.25.7 requires that "[e]mployees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday...." Under the NCWHA, a "'[w]age' paid to an employee means compensation for labor or services rendered by an employee whether determined on a time, task, piece, job, day, commission, or other basis of calculation…" N.C. Gen. Stat. § 95-25.2(16).

In support of their § 95-25.6 claim, Plaintiffs allege that "Defendants failed to, and continue to fail to, compensate Plaintiffs and putative North Carolina Class members with *at least* the minimum wage for all hours." Plaintiffs' Amended Complaint, ¶¶ 128-129 (emphasis supplied). It is clear from the alleged facts that Plaintiffs claim Defendants: (1) failed to pay for any amounts for their work "off the clock;" (2) failed to pay for work for which hours were illegally deducted by Defendants from their timesheets; (3) improperly deducted "expenses" from the workers' wages; and (4) required Plaintiffs to pay out-of-pocket for work expenses and failed to fully reimburse Plaintiffs and putative Class members for these expenses. As relief for each of these claims, Plaintiffs seek their normal wages, *i.e.*, "their unpaid amounts due under G.S. 95-25.6…" for those unpaid hours of work and reduced pay for unlawful deductions. 3 N.C. Gen. Stat. § 95-25.22(a).

Plaintiffs' claim under the NCWHA claim is clearly pled as a claim for their regular, contractual wages. Plaintiffs cite N.C. Gen. Stat. § 95-25.6 as the specific basis for their claim

because they are suing for these unpaid wages, and not for minimum wage or overtime. These are separate and distinct remedies. Accordingly, the cited exemptions do not apply.

### C. Plaintiffs' NCWHA and FLSA Claims are Factually and Legally Distinct

Under the FLSA, as long as the *average* hourly wage for employees is at least the minimum wage, employers can satisfy FLSA's minimum wage requirement, even if the employer paid wages less than the minimum wage for some hours. *See* Douglas v. Xerox Bus. Servs., LLC, 875 F.3d 884, 888 (9th Cir. 2017). Thus, it is possible for an employee to have a valid claim for unpaid regular wages under the NCWHA, but no viable claim under the FLSA because the employee's average hourly rate met minimum wage requirements.

Indeed, it is well established that while the FLSA covers minimum wage and overtime violations, it does not cover claims for the payment of promised or contractual wages. Monahan v. County of Chesterfield, Virginia, 95 F.3d 1263 (4th Cir. 1996) (Even in light of the broad interpretation given to the FLSA's remedial provisions, claims for "gap" time-time not covered by minimum wage or overtime provisions-appropriately left for state court adjudication under state employment and contract law); Massey v. Board of Trustees, 357 F.Supp.2d 878 (WDNC 2005) (contractual wage claims not covered by the FLSA); Carter v. City of Charleston, 995 F.Supp. 620 (D.SC 1997) (straight time claims which do not involve overtime, not cognizable under the FLSA).

Here, Plaintiffs' FLSA claim asserts that by failing to pay their wages for the time not recorded or time worked off the clock, Defendant failed to pay minimum wage and, potentially in the event the hours exceed 40, overtime compensation for the unrecorded time. On the other hand, under the NCWHA, Plaintiffs claim that the failure to pay them for the unrecorded time constitutes a failure to pay their regular wages for the unrecorded time. While the factual basis for these particular claims is overlapping, the damages and remedies are quite different.

For example, FLSA liability may be found in certain workweeks when an employee's average hourly rate fell below the minimum wage. In other workweeks, Defendants may not be liable under the FLSA because an employee was paid the minimum wage, but Defendants could still be liable under N.C. Gen. Stat. § 95-25.6 for failing to pay that employee's regular wages.

Plaintiffs' NCWHA claims are not only legally distinct from their FLSA claim, they are also factually distinct in several ways. For example, Plaintiffs claim that they incurred business expenses for which Defendants failed to reimburse them, and further claim they were charged unlawful deductions, a dilution which caused them to be paid at a rate that was less than their regular hourly wage. Dkt 111 at ¶134. On that basis, Plaintiffs seek further relief for failure to pay wages owed under N.C. Gen. Stat. § 95-25.6.

This claim is both legally and factually distinct from Plaintiffs' FLSA claims because there is no direct expense reimbursement requirement under the FLSA. The FLSA is only implicated if an employee's unreimbursed business expenses bring their wages below the applicable minimum wage or cut into overtime wages. Thus, it is plausible for an employee to have a valid claim under the NCWHA for Defendants' failure to pay regular wages, but not a viable claim under the FLSA because despite the unauthorized deductions and failure to reimburse, the employee was still paid at least the minimum wage, on average.

Because Plaintiffs' claims brought under N.C. Gen. Stat. § 95-25.6 are both legally and factually distinct from their FLSA claims, they are not subject to the statutory exemption.

**D.  Each of the Cases Cited by Defendant in Support of its Motion are Distinguishable and Inapplicable to this Case**

The cases relied upon by Defendant[2] are inapposite because in this case, Plaintiffs seek

---

[2] *See* Cirilloi v. Citrix Sys., Inc., No 5:21-CV-88-BO, 2022 WL 841327, at *5 (E.D.N.C. Mar. 21, 2022); Lombardozzi v. Allscripts Healthcare, LLC, No. 5:13-CV-715-BO, 2014 WL 300798, at

regular, contractual wages that Defendant failed to pay for time worked off the clock and further diluted their wages with unlawful deductions. In Cirillo, Lombardozzi, and Batlle the only NCWHA claim that was alleged was for unpaid overtime. Each of these three cases involved a claim by an employee who had been misclassified as an exempt, salaried employees. Unlike the Plaintiffs in this case, the plaintiffs Cirillo, Lombardozzi and Batlle failed to articulate a separate NCWHA claim, *e.g.*, one which seeks regular wages. Cirillo v. Citrix Sys., 2022 U.S. Dist. LEXIS 49911, *3-4, 14; Lombardozzi v. Allscripts Healthcare, LLC, No. 5:13-CV-715-BO, 2014 WL 300798, at *1; Batlle v. United Drug Supply, 2020 U.S. Dist. LEXIS 255538, *35.

In Figueroa, the plaintiff only sought overtime on his piece-rate compensation and the court actually held that the plaintiff *was* permitted to proceed with a § 95-25.6 claim based on his allegations that the defendant did not pay his contractual hourly rate. Figueroa v. Butterball, LLC, 2021 U.S. Dist. LEXIS 175243, *19 (plaintiff's claim that employer did not pay promised hourly rate was *not* exempt under the NCWHA or preempted by the FLSA).

Both Sharkey and Lima are inapplicable because they were decided on summary judgment. In Sharkey, the court only dismissed the NCWHA claim because the plaintiffs were unable to produce *evidence* of any NCWHA claims that were separate and distinct from their overtime claim. Sharkey v. Fortress Sys. Int'l, 2019 U.S. Dist. LEXIS 136404, *19. Notably, in Lima, the dismissal of the NCWHA claim was only partial: "That portion of plaintiff's NCWHA claim premised upon overtime pay must be dismissed as exempted under § 95-25.14(a), whereas the remaining portion premised upon unpaid regular time will be allowed to proceed." Lima v. MH & WH, LLC, 372 F.Supp.3d 317, 341 (E.D.N.C. 2019). Hence, Lima actually supports Plaintiffs' position.

---

*2 (E.D.N.C. Jan. 27, 2014); Alejandra Batlle v. United Drug Supply, Inc., No. 1:20CV412, 2020 WL 9848460, at *11 (M.D.N.C. Dec. 2, 2020); Sharkey v. Fortress Systems Int'l, Inc., Case No. 3:18-cv-00019- FDW-DCK, 2019 WL 3806050, at *6 (W.D.N.C. Aug. 13, 2019); Figueroa v. Butterball, LLC, No. 5:20-CV-585-D, 2021 WL 4203652, at *6-7; Lima v. MH & WH, LLC, No. 5:14-CV-896-FL, 2019 WL 2602142, at *2 (E.D.N.C. Mar. 8, 2019).

In contrast to Sharkey and Lima, Defendant makes a Rule 12(c) motion in this case, which does not call for an examination of the evidence; only the sufficiency of the pleadings.[3] The Plaintiffs in this case have sufficiently alleged separate and distinct claims for failure to pay contractual, regular wages. The court's holding in Lima is instructive and Plaintiffs' NCWHA claims premised upon unpaid regular wages must be allowed to proceed.

### E. The FLSA Does not Preempt Plaintiffs NCWHA Claims Because Their Claims Arise from Laws That do not Obstruct the Full Purpose and Objectives of the FLSA

The issue of FLSA preemption of NCWHA payday claims under N.C. Gen. Stat. § 95-25.6 was thoroughly examined in Figueroa. "Whether the FLSA preempts an NCWHA payday claim is a question of conflict preemption—namely, whether the NCWHA payday provision 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the FLSA.'" Figueroa, 2021 U.S. Dist. LEXIS 175243, *17 (citing Martinez-Hernandez v. Butterball, LLC, 578 F.Supp.2d 816 at 819 (E.D.N.C. 2008)).

"The FLSA only preempts state laws that provide lesser protections than the FLSA." *Id.* at *18 (internal citations omitted). Under the Court's analysis of FLSA preemption, it found that "claims arising under NCWHA's payday provision are not preempted by the FLSA." *Id.* (citing DeHoll v. Eckerd Corp., No. 1:18CV280, 2018 U.S. Dist. LEXIS 186524, at *5 (M.D.N.C. Oct. 30, 2018).

Likewise, Plaintiffs' NCWHA claims in this case arise under the Act's payday provision, namely N.C. Gen. Stat. § 95-25.6, for the reasons set forth above. It follows then, that Plaintiffs' NCWHA claims are not preempted by the FLSA because they are "separate and distinct from the

---

[3] Although this is not an evidentiary motion, Plaintiffs maintain that sufficient evidence does exist to support these claims, as more fully set forth in Plaintiffs' pending motion for class certification of their NCWHA claims.

plaintiff's FLSA minimum wage and overtime claims." DeHoll, *supra*, at *5.

## V. CONCLUSION

As discussed above, Plaintiffs' NCWHA claims must be allowed to proceed because they are not preempted by the FLSA, and they do not fall within the limited exemption under for overtime and minimum wage violations set forth in N.C. Gen. Stat. § 95-25.14. Plaintiffs have sufficiently pled a cause of action under the NCWHA supported by allegations that Defendants failed to pay Plaintiffs their contractual, regular wages for time worked off the clock and diluting their wages with unlawful deductions and failing to reimburse for expenses.

As such, Defendants motion under Rule 12(c) must be denied.

Dated: July 1, 2024　　　　　　　　　Respectfully Submitted,

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell (Cal. SBN 166977)
Ori Edelstein (Cal. SBN 268145)
2000 Powell Street, Suite 1400
Emeryville, California 94608
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

*Counsel for Plaintiff, Class, and Collective Members*

/s/John J. Nestico
John J. Nestico (N.C. SBN 39457)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946;
Fax:(415) 421-7105
jnestico@schneiderwallace.com

*Local Civil Rule 83.1(d) Counsel for Plaintiff*
\

# CERTIFICATE OF WORD COUNT

I hereby certify that the forgoing Response in Opposition to Defendant's Motion for Partial Judgment on the Pleadings complies with Local Rule 7.2(f)(3). I further certify that, in preparation of this Memorandum, I used Microsoft Word for Microsoft 365, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count. I further certify that the above-referenced Memorandum contains 3,079 words.

Dated: July 1, 2024

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell* (Cal. SBN 166977)

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

> */s/ Carolyn H. Cottrell*
> Carolyn H. Cottrell* (Cal. SBN 166977)